# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO.

MATTHEW ESTEVEZ, individually
and on behalf of all others similarly situated,   **CLASS ACTION**

    *Plaintiff*,

vs.

DISTRESSED SOLUTIONS, LLC,   **JURY TRIAL DEMANDED**
a Delaware Limited Liability Corporation,

    *Defendant*.
_____/

## CLASS ACTION COMPLAINT

Plaintiff, Matthew Estevez (hereinafter "Plaintiff"), brings this class action under Rule 23 of the Federal Rules of Civil Procedure against Distressed Solutions, LLC ("Distressed Solutions" or "Defendant") for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the TCPA"), and the regulations promulgated thereunder. In support, Plaintiff alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in negligently or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

1

2. "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the [FCC]."[1] The TCPA is designed to protect consumer privacy by, among other things, prohibiting the making of autodialed or prerecorded-voice calls to cell phone numbers and failing to institute appropriate do-not-call procedures. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. 64.1200(d).

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District, including Defendant's transmission of the unlawful and unwanted calls to Plaintiff.

5. The Court has personal jurisdiction over Defendant because it conducts business in this state, markets its services within this state, and has availed itself to the jurisdiction of the State of Florida by placing calls to Plaintiff and Class Members in and from this state.

## PARTIES

6. Plaintiff's domicile is in Doral, Florida.

7. Defendant, Distressed Solutions, LLC is a Delaware Limited Liability Company, and a citizen of the state of Florida, listing its principal address at 5009 N Central Ave., Tampa, Florida 33603. Defendant is registered in the state of Florida.

8. Defendant is in the business of purchasing residential real property.

9. Defendant promotes and markets its services by calling telephone users in violation of the TPCA.

---

[1] *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, ¶ 1 (2015).

10. Defendant, directly or through other persons, entities or agents acting on its behalf, conspired to, agreed to, contributed to, authorized, assisted with, and/or otherwise caused all of the wrongful acts and omissions, including the dissemination of the unsolicited calls that are the subject matter of this Complaint.

## FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiff, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

12. Defendant is a citizen of the State of Florida, and at all times mentioned herein was, a corporation and "persons," as defined by 47 U.S.C. § 153 (39).

13. At all times relevant Defendant conducted business in the State of Florida and in Miami-Dade County, within this judicial district.

14. Defendant utilizes prerecorded telemarketing calls and text message calls to market and advertise Defendant's business and services.

15. Defendant has placed multiple telemarketing calls to Plaintiff's cellular telephone number ending in "4640" (the "4640 Number"), including at least two calls using a prerecorded or artificial voice.

16. On July 2, 2021, Plaintiff received a call to the 4640 Number. The call included a prerecorded message in which the speaker identified himself as "Alex" and stated that he was calling from "Distressed Solutions", which specializes in buying and selling houses in Plaintiff's neighborhood. In addition, the prerecorded message also stated how Distressed Solutions had supposedly helped people in the past and provided a telephone number for Plaintiff to call back.

17. On July 13, 2021, Plaintiff received a call to the 4640 Number from Distressed Solutions which contained the same prerecorded message.

18. On July 23, 2021, Plaintiff received a call to the 4640 Number from Ray, a live person at Distressed Solutions, asking Plaintiff to entertain a cash offer for residential real property on Brickell Key. Plaintiff clearly instructed Defendant on this call that he did not consent to receive any calls or texts.

19. On June 17, 2021, at 12:20 PM, July 2, 2021, at 10:12 AM, July 7, 2021, at 10:27 AM, Plaintiff received a text message on Plaintiff's cellular telephone ending in "4640". The texts stated:

> "Are you the Owner of 900 Brickell Key Blvd Unit 2402 in Miami?
> If so, are you interested in selling it?"

20. Two of the telephone voice calls received by Plaintiff were the same in that each call started with the identical prerecorded message advertising Defendant's goods or services.

21. All of the calls were made to Plaintiff's 4640 Number, and within the time period that is relevant to this action.

22. At no time did Plaintiff provide Plaintiff's cellular number to Defendant through any medium, nor did Plaintiff consent to receive such unsolicited telemarketing prerecorded calls.

23. Plaintiff has never signed-up for, has never inquired about, and has never used, Defendant's services. Plaintiff has never had any form of business relationship with Defendant.

24. Plaintiff is the sole user of the 4640 Number and is financially responsible for phone service to the 4640 Number, including the cellular costs and data usage incurred as a result of the unlawful calls made to Plaintiff by Defendant.

25. Additionally, Plaintiff's 4640 Number has been registered on the National Do Not Call Registry since September 22, 2007.

26. The content of the calls made to Plaintiff and the Class Members show that they were for the purpose of solicitation, marketing, telemarketing, advertising, and/or promoting Defendant's business and services to Plaintiff as part of an overall telemarketing strategy.

27. These calls were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

28. Plaintiff did not provide Defendant or its agents prior express written consent to receive telemarketing or advertising calls utilizing a prerecorded or artificial voice from Defendant.

29. Defendant is and was aware that it is placing unsolicited prerecorded telemarketing calls to Plaintiff and other consumers without their prior express consent.

30. Defendant is also aware that it is violating the TCPA's DNC rules by placing solicitation calls to individuals that have listed their telephone numbers on the DNC Registry and have not inquired about Defendant's goods or services and have not had a business relationship with Defendant.

31. Plaintiff was damaged by Defendant's calls. In addition to using Plaintiff's residential cellular data, phone storage, and battery life, Plaintiff's privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted calls and texts, forcing Plaintiff to divert attention away from Plaintiff's work and other activities. Not only did the receipt of the robocalls distract Plaintiff away from Plaintiff's personal activities, but Plaintiff was also forced to spend time investigating the source of the calls and who sent them to him. *See Muransky v. Godiva Chocolatier, Inc.,* 905 F.3d 1200, 1211 (11th Cir. 2018). ("[T]ime wasting is an injury in fact".… "[A] small injury… is enough for standing purposes").

## CLASS ACTION ALLEGATIONS

32.     Plaintiff brings this class action under rules 23(a) and 23(b)(2) & (b)(3) of the Federal Rules of Civil Procedure on behalf of itself and of a similarly situated "Class" or "Class Members" defined as:

> **Prerecorded Class:** All persons within the United States who, within the four years prior to the filing of this Complaint: (1) Defendant, or anyone on Defendant's behalf, (2) placed a call using an artificial or prerecorded voice, (3) to said person's cellular telephone number, (4) encouraging the selling, purchase or rental of, or investment in, Defendant's property, goods, or services.
>
> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action: (1) were sent a phone call by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of advertising and/or promoting and/or soliciting Defendant's products and services.
>
> **Florida Class:** All persons in Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff.

33.     Excluded from the Class are any Defendant, and any subsidiary or affiliate of that Defendant, and the directors, officers and employees of that Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

34.     This action has been brought and may properly be maintained as a class action against Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable. Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that any Class should be expanded or otherwise modified.

35. **Numerosity**: At this time, Plaintiff does not know the exact number of Class Members, but among other things, given the nature of the claims and that Defendant's conduct consisted of a standardized SPAM campaign calls placed to cellular telephone numbers, Plaintiff believes, at a minimum, there are greater than forty (40) Class Members. Plaintiff believes that the Class is so numerous that joinder of all members of the Class is impracticable and the disposition of their claims in a class action rather than incremental individual actions will benefit the Parties and the Court by eliminating the possibility of inconsistent or varying adjudications of individual actions.

36. Upon information and belief, a more precise Class size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's calls and marketing records.

37. Members of the Class may additionally or alternatively be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

38. **Existence and Predominance of Common Questions of Fact and Law**: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Class. Common questions of law and/or fact exist as to all members of the Class and predominate over the questions affecting individual Class members. These common legal and/or factual questions include, but are not limited to, the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents called (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing to any telephone number assigned to a cellular phone service;

    b. How Defendant obtained the numbers of Plaintiff and Class members;

    c. Whether Defendant called Plaintiff and Class Members using a prerecorded message or artificial voice;

    d. Whether Defendant engaged in telemarketing when it called which are the subject of this lawsuit;

    e. Whether the calls made to Plaintiff and Class Members violate the TCPA and its regulations;

    f. Whether Defendant willfully or knowingly violated the TCPA or the rules prescribed under it;

    g. Whether the calls made to Plaintiff and Class Members violate the Do Not Class Registry rules and regulations;

    h. Whether Plaintiff and the members of the Class are entitled to statutory damages, treble damages, and attorney fees and costs for Defendant's acts and conduct;

    i. Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct; and

    j. Whether Plaintiff and the Class are entitled to any other relief.

39. One or more questions or issues of law and/or fact regarding Defendant's liability are common to all Class Members and predominate over any individual issues that may exist and may serve as a basis for class certification under Rule 23(c)(4).

40. **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same course of conduct that violates the TCPA.

41. Plaintiff and members of the Class each received at least one telephone call containing a pre-recorded message or two or more calls within a twelve month period to a DNC-

8

registered number, advertising the Defendant's services, which Defendant placed or caused to be placed to Plaintiff and the members of the Class.

42. **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel, who are competent and experienced in litigation in the federal courts, TCPA litigation and class action litigation.

43. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

44.     **Class-Wide Injunctive Relief and Rule 23(b)(2):** Moreover, as an alternative to or in addition to certification of the Class under Rule 23(b)(3), class certification is warranted under Rule 23(b)(2) because Defendant has acted on grounds generally applicable to Plaintiff and members of Class, thereby making appropriate final injunctive relief with respect to Plaintiff and Class Members as a whole.  Plaintiff seeks injunctive relief on behalf of Class Members on grounds generally applicable to the entire Class in order to enjoin and prevent Defendant Defendant's ongoing violations of the TCPA, and to order Defendant to provide notice to them of their rights under the TCPA to statutory damages and to be free from unwanted calls.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)
## On Behalf of Plaintiff and the Prerecorded Class

45.     Plaintiff incorporates by reference all of the allegations contained in all of the above paragraphs 1 through 44 of this Complaint as though fully stated herein.

46.     It is a violation of the TCPA "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior consent of the called party, unless the call is initiated for emergency purposes. . . ." 47 U.S.C. 227(b)(1)(B).

47.     Defendant – or third parties directed by Defendant – used an artificial or prerecorded voice to deliver messages to Plaintiff and other Class Members without prior consent.

48.     These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call any of these cellular phones.

49.     Defendant has, therefore, violated Sec. 227(b)(2) of the TCPA by initiating telephone class while using an artificial or prerecorded voice to deliver non-emergency telephone

10

calls to the cellular phones of Plaintiff and the other members of the putative Class without their prior express written consent.

50. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

51. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

52. At all relevant times, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

53. Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that its conduct was a violation of the TCPA.

54. Because Defendant knew or should have known that Plaintiff and Class Members did not give prior express consent to receive autodialed calls, the Court should treble the amount of statutory damages available to Plaintiff and members of the Putative Class pursuant to section 227(b)(3)(C) of the TCPA.

55. Likewise, since Defendant knew or should have known that Plaintiff and Class Members did not give prior express consent to receive calls using artificial or prerecorded voice, the Court should treble the amount of statutory damages available to Plaintiff and members of the Putative Class pursuant to section 227(b)(3) of the TCPA.

56. As a result of Defendant knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

57. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members relief against Defendant, as set forth in the Prayer for Relief below.

**COUNT II**
**VIOLATION OF THE TCPA**
**47 U.S.C. § 227**
**On Behalf of Plaintiff and the Do Not Call Registry Class**

58. Plaintiff incorporates by reference all of the allegations contained in all of the above paragraphs 1 through 44 of this Complaint as though fully stated herein.

59. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

60. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers." [2]

61. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

62. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this

---

[2]. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

63. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

64. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

65. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class relief against Defendant, individually and jointly, as set forth in the Prayer for Relief below.

**COUNT III**
**VIOLATION OF FLA. STAT. § 501.059**
**(On Behalf of Plaintiff and the Class)**

66. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

67. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

68. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

69. "Prior express written consent" means an agreement in writing that:

   a. Bears the signature of the called party;

   b. Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

   c. Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

   d. Includes a clear and conspicuous disclosure informing the called party that:

      i. By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

      ii. He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

70. Defendant failed to secure prior express written consent from Plaintiff and the Class members.

71. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

72. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

73. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation.  Plaintiff and the Class members are also entitled to an injunction against future calls. *Id*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and in favor of the class, against Defendant for:

a. An order certifying this case as a class action, certifying Plaintiff as representative of the Class, and designating Plaintiff's attorneys Class counsel;

b. Statutory damages of $500 per call in violation of the TCPA;

c. Willful damages at $1,500 per call in violation of the TCPA;

d. Statutory damages of $500 per call in violation of the Do Not Call Registry;

e. Willful damages of $1,500 per call in violation of the Do Not Call Registry;

f. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii);

g. An injunction prohibiting Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of Class Members;

h. An order declaring that Defendant's actions, as set out above, violate the FTSA;

i. Reasonable attorney's fees and costs; and

j. Such further and other relief as this Court deems reasonable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated: July 29, 2021

Respectfully submitted,

*/s/ Seth M. Lehrman*
Seth M. Lehrman (FBN 132896)
E-mail: seth@epllc.com
EDWARDS POTTINGER LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: 954-524-2820
Facsimile: 954-524-2822

Ignacio J. Hiraldo (FBN 56031)
E-mail: ijhiraldo@ijhlaw.com
IJH LAW
1200 Brickell Ave Suite 1950
Miami, FL 33131
Telephone: 786-496-4469

*Attorneys for Plaintiff*